Daniel E. Machen, J.
This application is for permission to serve notice of a tort claim pursuant to section 50-e of the *468 General Municipal Law after the expiration of the time limited for it's service. ■
By admission of the School District’s representatives or their failure to controvert plaintiff’s averments, the following facts may be found established. On the morning of February 4, 1960 an automobile being operated by the plaintiff (hereinafter called claimant), while stopped in a line .of traffic on Winton Road in the Town of Brighton, was struck in the rear b.y a school bus owned by Brighton School District No. 1 and being operated by its employee, and damage to claimant’s automobile and injuries to his person resulted: The School District’s
liability arising out of the operation of its bus was insured. The insurer was promptly notified of the occurrence and on February 8,1960 its adjuster called upon the claimant and took from him a full statement regarding the occurrence. At that time the claimant was advised by the adjuster to continue his medical treatment and was told that when his treatment was completed and his bills assembled the carrier would settle with him. Upon inquiry as to whether it was necessary to obtain an attorney he was told it was not and that in fact it would be more advantageous to deal with the adjuster.
On February 9 the adjuster arranged to" obtain an estimate of the damage to the automobile and “ arranged with the owner of the car for settlement of the property damage claim ”. Presumably at the request of the adjuster, the claimant on February 15 furnished the carrier with a report written by his attending physician. On March 16 the adjuster again saw the claimant and in view of his continued complaints arranged for his examination by a physician of the carrier’s choice. On March 18 the carrier addressed the following letter to the claimant:
March 18, 1960
Mr. Sam Latragna
83 Pardee Road
Rochester, New York Re: 44KAL 51251
Sam Latragna vs Brighton School
Accident 2/4/60
Dear Sir:
In regard to the above accident, we have made arrangements for you to be examined by Dr. Charles Maggio of 140 Broad St — Rochester, NY on March 22, 1960 at two o’clock in the afternoon.
Please arrange to be present for this examination. In the event that you are unable to keep the appointment, please notify the doctor’s office promptly and make arrangements for another-time.
Very truly yours,
John H. Robinson, Jr.
JHR:PT Claim Department
*469 On April 26 the adjuster again contacted the claimant, discussed settlement with him and was informed by the claimant that he was feeling good and about ready to settle. Despite the fact that the time within which the claimant might serve his notice of claim was about to expire in eight days, the adjuster in his own words “ decided to check further on the claim made for loss of income ”.
On August 17, although the time for serving a notice of claim had long since expired, the adjuster again communicated with the claimant, discussed settlement with him, and upon being informed that he would like to wait a little longer, told the claimant to contact him when he was ready to proceed. At no time did the adjuster or any other representative of the School District advise the claimant of the necessity for serving a notice of claim until the carrier by letter dated September 27, 1960 informed him that his claim was denied by reason of his failure to serve the required notice. In that letter the carrier stated: ‘1 The previously mentioned accident was reported to us by the Brighton School District No. 1, and in turn a complete investigation followed.”
Although it thus appears that the " prime, if not the sole, objective ” of the statutory notice requirement has been fulfilled (Teresta v. City of New York, 304 N. Y. 440, 443), the claimant being an adult and his failure to serve the notice not being occasioned by mental or physical incapacity, the court is powerless to permit its service at this time unless discretion to do so may be found in the 1959 amendment of subdivision 5 of section 50-e of the General Municipal Law (L. 1959, ch. 814) permitting the court in its discretion to grant such leave “ where the claimant fails to serve a notice of claim within the time limited for service of the notice by reason of his justifiable reliance upon settlement representations made in writing by an authorized representative of the party against which the claim is made or of its insurance carrier ”. (Matter of Newman v. City of Geneva, 2 Misc 2d 646.)
While the affidavit of the carrier’s adjuster submitted on this application affords ample written concession that settlement representations upon which claimant might justifiably rely were in fact made, it would appear that the writing contemplated by the statute must be made prior to the expiration of the time limited for service of the notice and the claimant’s failure to serve the notice be, at least to some extent, in reliance on the writing. The only writing by the School District or its carrier addressed to the claimant prior to the expiration of the time for service of the notice was the letter concerning his physical *470 examination. The School District urges that obtaining the physical examination connotes an intent to resist rather than settle the claim.
The impact of words, whether written or spoken, varies with the circumstances in which they are uttered. Under the circumstances here present, liability for the happening of the accident being apparent and arrangements having been made to settle the claim for damage to the automobile, the claimant might well have assumed, as obviously was the fact, that the purpose of the examination was to assist the carrier to properly evaluate the claim to the end that an equitable settlement might be reached.
The provisions of subdivision 5 of the statute being remedial in nature are to be liberally construed. (Soules v. City of Rochester, 10 A D 2d 362.) In its recommendation submitted with the amending statute the Joint Legislative Committee on Municipal Tort Liability wrote (Fifth Report, March 23, 1959, p. 28):
“ The Committee’s conclusion is that to foreclose a claimant’s right of action where he has been tolled into inaction by representations of settlement is unconscionable. The basic purpose of section 50-e does not require this result. That purpose is to give a municipality the opportunity to make a prompt investigation of a claim. There could be no settlement representations unless there was actual notice of the occurrence out of which the claim arose. It is that notice which initiates the representations. Having that notice, the purpose of section 50-e is fulfilled, the municipality has the opportunity to make its investigation.
“It is upon these considerations that the Committee recommends the enactment of the present bill, which would add to the situations in which the court has discretion to permit the late filing of a notice of claim the situation where the delay in filing is caused by the claimant’s justifiable reliance upon settlement representations made in writing by an authorized representative of a municipality or its insurance carrier. The requirement of written representations, while somewhat circumscribing the application of the proposed amendment, has been adopted for the purpose of making certain that fraudulent claims that such representations were made would be foreclosed.”
Here it is apparent that the basic purpose for requiring notice has been fulfilled. The affidavit of the carrier’s adjuster establishes that claimant’s contention that settlement representations were made to him was not fraudulently conceived. I do not believe the Legislature intended that the requirement of *471 “settlement representations made in writing ” might be met only by an unequivocal statement by the municipality or its carrier that the claim will be settled. To me it seems that the requirements of the statute are fulfilled by a writing which, in the circumstances made, gives reasonable assurance to the claimant that procedures leading toward settlement of his claim are in motion.
Under all of the facts and circumstances presented on this application I find that the letter addressed to the claimant by the carrier on March 18 setting forth arrangements for his physical examination constituted a settlement representation upon which the claimant might justifiably rely in failing to serve the notice of claim required by statute. (Soules v. City of Rochester, supra, p. 364.)
The application is accordingly granted, without costs, the notice of claim to be served within 15 days after the date of the order to be entered upon this decision.