Jack Stanislaw, J.
Plaintiffs request leave to serve a notice of claim upon defendant school district pursuant to section 50-e (subd. 5, par. [3]) of the General Municipal Law. The statutory 90-day period allowed has expired. It is claimed that two letters, one from defendant’s insurance carrier and another from the latter’s agent, were relied upon by plaintiffs so as to result in the lapse of the time allowed. Defendant asserts that neither of these letters constitute “ settlement representations ” within the meaning of the statute. The first, from the carrier’s agent, asks that medical bills be forwarded for payment “under the ‘ first aid ’ clause of the policy and (payments) would be made without prejudice ”. The second, the carrier’s letter of a week later advises the payment of a hospital bill and goes on to add that “If you (plaintiffs) have any additional medical bills in connection with the treatment of this injury, I would suggest *289 that you forward them to the writer for his consideration and possible payment ”.
In the discretion of the court, leave may be given to file a notice of claim if there has been a ‘1 justifiable reliance” (General Municipal Law, § 50-e, subd. 5, par. [3]) upon written representations of settlement so as to cause the 90-day period to pass unattended. This section, remedial in nature, must be liberally construed. Surely “ settlement representations ” may not be strictly limited only to written assurances of payment forthcoming. A writing which may reasonably give rise to an honest belief of the inception of procedures leading to the full settlement of a claim is a sufficient basis for that reliance permitting the exercise of discretion. (Latragna v. Brighton School Dist. No. 1, 28 Misc 2d 467; see, also, Debes v. Monroe County Water Auth., 16 A D 2d 381; Berriman v. Town of Huntington, 232 N. Y. S. 2d 464.)
The carrier’s letter, second of the letters noted above, is sufficient, in the opinion of the court, to permit the exercise of its discretion as prescribed by the statute.