■ THERESA GIRETTI, Appellant, v GREENLAWN FIRE DEPARTMENT, Respondent. — In a proceeding pursuant to section 50-e of the General Municipal Law for leave to serve a late notice of claim against a public corporation, the appeal is from an order of the Supreme Court, Suffolk County, dated January 14, 1980, which denied the application. Order reversed, on the law and the facts, without costs or disbursements, and application granted. While walking on the sidewalk in front of respondent's fire house in the evening of September 2, 1978, the appellant struck her foot on the exposed edge of a concrete block which was elevated above the level of the walking surface of the sidewalk and fractured her hip when she fell down. She was taken to the hospital and subsequently underwent an open reduction operation involving a "hip nailing" procedure. On September 23, 1978 she was discharged from the hospital and remained in her home, physically incapacitated, until about May 29, 1979. During this period she was confined to a wheelchair for the first three months and later required a walker to assist her in getting about. While so confined to her home, she continued to experience pain in her hip and leg which made physical movement difficult. She left only to visit her physician and, on those occasions, she was transported by ambulance. When she was finally able to consult with her attorney, on or about May 29, 1979, he informed her about the requirement for the service of a notice of claim. In his affidavit in support of the motion, appellant's attorney stated that, by letter dated May 29, 1979, he communicated with the respondent and requested that its attorney or insurance company representative contact his office to discuss the matter. In response to this letter, a representative of the respondent's insurance company communicated with him and informed him of the insurer's willingness to settle the claim and that it would be necessary for counsel to furnish all of appellant's medical and hospital records for evaluation. After all of the records were assembled and forwarded in September, 1979, appellant's attorney and the insurance company representative arrived at a tentative settlement amount which was submitted, subject to approval by the insurance company's claim supervisor. Appellant's attorney was notified in the early part of November, 1979, that the settlement offer was declined because the respondent was entitled to a notice of claim. On November 8, 1979 the instant motion was made for leave to file a late notice of claim. It is asserted that appellant's delay was attributable to her physically incapacitated state until about May 29, 1979, and that from the time when she retained counsel, she justifiably relied on the above-mentioned settlement negotiations. In denying the motion, Special Term held, *inter alia:* "Even conceding, for the purpose of argument, that the [appellant] was totally disabled until June of 1979, the further delay of some five months in filing or attempting to file [appellant's] notice of claim cannot be justified by [appellant's] physical incapacity or *any other relevant facts and circumstances that the statute requires the court to consider.*" (Emphasis added.) On the basis of the instant record, such conclusion is erroneous. Appellant has adequately demonstrated such physical incapacity continuing through May, 1979 as would constitute a reasonable excuse

for not filing the notice of claim up to that time. An examination of the affirmation in opposition to the motion discloses that the statements of appellant's attorney, as above described, concerning the settlement negotiations commencing with counsel's letter of May 29, 1979 inviting such discussion, and continuing until they were broken off by respondent's insurance carrier to be immediately followed by the making of this motion on November 8, 1979, are neither refuted nor denied by the respondent. Subdivision 5 of section 50-e of the General Municipal Law provides, *inter alia,* that in determining "whether to grant the extension, the court shall consider * * * whether the claimant failed to serve a timely notice of claim by reason of his justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier". Notwithstanding that Special Term appeared to be willing to assume, *arguendo,* that the appellant had established her physical incapacity up to June, 1979, it nevertheless improperly based its decision on the premise that the delay between June and November, 1979, was in no way related to her physical incapacity and, in so doing, it totally ignored the clear and unrefuted showing of her reliance on the settlement representation during that interval. We hold that any delay which may have ensued between the end of May, when appellant's counsel entered the matter and commenced settlement negotiations, and November, 1979, when such discussions were terminated by the insurance carrier, was directly attributable to the appellant's justifiable reliance upon settlement negotiations within the meaning of subdivision 5 of section 50-e of the General Municipal Law. At no time during the five-month period when settlement negotiations were in progress did the respondent or its insurance carrier declare an unwillingness to proceed with such discussions. Instead, while such negotiations were continuing, respondent's insurance representative, as a part of such bargaining, obtained all of appellant's medical reports and had an ample opportunity to investigate the alleged accident in order to evaluate the claim. Under the circumstances, no prejudice was sustained by the respondent and it may not now, after permitting the appellant to become so involved in reliance upon settlement negotiations, be permitted to assert that the fault for the failure to timely serve the notice of claim or move for relief rests upon the appellant. (See *Debes v Monroe County Water Auth.,* 16 AD2d 381; *Matter of Daley v Greece Cent. School Dist. No. 1,* 21 AD2d 976, affd 17 NY2d 530; *Latragna v Brighton School Dist. No. 1,* 28 Misc 2d 467.) Special Term abused its discretion by denying the motion without giving appropriate consideration to the uncontradicted fact that, after appellant's physical disability abated on May 29, 1979, any ensuing delay in the filing of a notice of claim was due wholly to her justifiable reliance on settlement representations. Lazer, J.P., Gibbons and Gulotta, JJ., concur.

Cohalan, J., dissents and votes to affirm the order on the memorandum decision of Mr. Justice McCarthy at Special Term.