■ GWENETH BURKE, Respondent, v INCORPORATED VILLAGE OF HEMPSTEAD, Appellant, et al., Defendants.—In a negligence action to recover damages for personal injuries, the defendant Incorporated Village of Hempstead appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated May 16, 1988, which granted the plaintiff's motion to deem her notice of claim timely filed and denied its cross motion to dismiss the action as against it.

Ordered that the order is affirmed, with costs.

The contention of the Incorporated Village of Hempstead (hereinafter the Village) that the court erred in finding the plaintiff's second notice of claim timely is without merit. While the plaintiff's first notice of claim alleged that the accident occurred on August 8, 1987 and was concededly untimely, her second notice of claim corrected the date of the accident to August 28, 1987 and was served within 90 days of the corrected date. While the Village argues that the plaintiff deliberately altered the date of her injury in order to avoid a claim of untimeliness under General Municipal Law § 50-e (1) (a), it submitted nothing other than a conclusory affirmation

of counsel to support this serious allegation. Conversely, the plaintiff submitted her own affidavit, an affirmation of her attorney, and several medical reports and invoices in support of her argument that the claim actually arose on August 28, 1987. In view of this highly persuasive and uncontroverted evidence, the Supreme Court acted properly in finding that her notice of claim had been timely served. Moreover, to the extent that the Supreme Court's order may be considered a de facto amendment of the plaintiff's notice of claim, such an amendment is authorized by statute (see, General Municipal Law § 50-e [6]) and was a proper exercise of discretion in this case in view of the good-faith nature of the plaintiff's error and the demonstrated absence of prejudice to the Village (see, e.g., Tucker v Long Is. R. R. Co., 128 AD2d 517).

Additionally, the court did not improvidently exercise its discretion in concluding that any lack of specificity in the allegations of the notice of claim was ameliorated by the detailed motion papers served by the plaintiff approximately four months after the accident (see generally, General Municipal Law § 50-e [5]; Evers v City of New York, 90 AD2d 786).

Finally, insofar as the Village attacks the merits of the plaintiff's action, we note that it cannot be said at this stage of the proceedings that the action is patently without merit (see, e.g., Goldberg v State of New York, 122 AD2d 248). We have not considered the documents appended to the Village's reply brief in resolving this issue, as it constitutes material which is dehors the record. Mangano, J. P., Bracken, Kooper and Sullivan, JJ., concur.