■ DEBRA S. MOSHIER et al., Respondents, v PHOENIX CENTRAL SCHOOL DISTRICT et al., Appellants. [605 NYS2d 581] — Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendants' motion for summary judgment dismissing plaintiffs' complaint. Plaintiff Debra S. Moshier (plaintiff) was seriously injured on February 26, 1990, when the vehicle she was driving collided with a school bus owned by defendant Phoenix Central School District (the District) and driven by defendant Brenda L. Karpinko (Karpinko). It is undisputed that Karpinko was halfway up a hill covered by light snow when plaintiff came over the top of a hill from the opposite direction, tried to stop, lost control of her car, crossed the center line, and struck the school bus. Karpinko attempted to avoid the collision by driving the bus as far as she could to the shoulder of the road.

Karpinko established a complete defense to plaintiffs' action by submitting proof in admissible form that the collision was caused by plaintiff's cross over into her lane of travel; plaintiffs failed to offer proof in admissible form that Karpinko could have done something to avoid the collision *(see, Gouchie v Gill,* 198 AD2d 862; *Viegas v Esposito,* 135 AD2d 708, *lv denied* 72 NY2d 801; *Tenenbaum v Martin,* 131 AD2d 660).

Plaintiffs' argument that the District was negligent in its placement of the bus stop lacks merit. The District submitted an expert's affidavit stating that the placement of the school bus stop was not unreasonably dangerous; plaintiffs failed to offer proof in admissible form raising an issue of fact in response *(see, Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Plaintiffs also failed to suggest a safe alternative to the District's placement of the bus stop *(see, Gleich v Volpe,* 32 NY2d 517, 523).

Plaintiffs' argument that the District was required to post an adequate warning sign in the vicinity of the bus stop and negligently failed to do so lacks merit. The District has no authority to regulate traffic · or place traffic signs on any highway *(see, Gleich v Volpe, supra,* at 522) and thus had no authority, much less a duty, to post a warning sign. Plaintiffs cite no authority for their further argument that the District had a duty to inform the municipality in charge of the area of the allegedly dangerous situation and "to see" that proper warning signs were posted. We find that argument to be without merit.

All concur except Callahan and Doerr, JJ., who dissent in part and vote to modify in the following Memorandum:

Callahan and Doerr, JJ. (dissenting in part). We disagree with the majority's conclusion that summary judgment should be granted to defendant Phoenix Central School District (the District). The evidence presented to Supreme Court was sufficient to raise a factual issue whether the placement of the bus stop by the District was negligent. The evidence demonstrates that the District had notice of a dangerous condition created by the placement of a bus stop at the base of a hill where oncoming traffic, upon reaching the crest of the hill, had insufficient warning of a slowing or stopped school bus to respond, particularly when weather conditions created slippery roads and limited visibility. Because the District had notice that a dangerous condition existed, whether it acted reasonably by failing to take any action presents a question for the jury. Because summary judgment is such a drastic remedy, it should not be granted if there is any doubt about the existence of a triable issue of fact (CPLR 3212; *Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Andre v Pomeroy,* 35 NY2d 361, 364). Because we believe that triable issues of fact exist concerning the reasonableness of the conduct of the District, we would affirm Supreme Court's denial of summary judgment to the District. (Appeal from Order of Supreme Court, Oswego County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.