■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON C. VERCRUYSSE, Appellant. [634 NYS2d 13] —Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that the evidence is legally sufficient to support defendant's conviction of all charges and that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). The jury could properly find that defendant's use of marihuana earlier in the day had caused the accident by impairing defendant's ability to drive, and that defendant, an inexperienced, unlicensed driver, failed to perceive the substantial risk that he would lose control of his vehicle on a wet, winding road and cross into an oncoming traffic lane. Thus, the jury could properly find that defendant was criminally negligent (Penal Law §§ 125.10, 15.05 [4]) in operating a motor vehicle while so impaired *(see, People v Daley,* 54 AD2d 1007, 1008) and was guilty of vehicular manslaughter in the second degree (Penal Law § 125.12). (Appeal from Judgment of Wayne County Court, Strobridge, J.— Vehicular Manslaughter, 2nd Degree.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.

■ DARLENE KOZAK, Respondent, v ROBERT K. HYJEK, Appellant. [635 NYS2d 560] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant established a complete defense by submitting proof in admissible form that the collision was caused by plaintiff's presence in his lane of travel, and plaintiff failed in response to offer proof in admissible form that defendant could have done something to avoid the collision *(see, Moshier v Phoenix Cent. School Dist.,* 199 AD2d 1019, *affd* 83 NY2d 947; *Gouchie v Gill,* 198 AD2d 862; *cf., Boyes v DeLellis,* 210 AD2d 931). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Insurance Law.) Present—Pine, J. P., Lawton, Wesley, Callahan and Doerr, JJ.