■ In the Matter of HAROLD R. AFFLECK, Individually and as Administrator of the Estates of HAROLD H. AFFLECK, Deceased, and HARRIET M. AFFLECK, Deceased, Respondent, v COUNTY OF NASSAU, Appellant. [660 NYS2d 131] —In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Nassau appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 2, 1996, which granted the application.

Ordered that the order is affirmed, with costs.

The petitioner was appointed administrator of the estates of his mother and father, in March 1995, and May 1995, respectively. In late November 1995, the petitioner commenced this proceeding to serve a late notice of claim upon the County of Nassau. In his proposed notice of claim, the petitioner alleged, inter alia, that the County's negligence in failing to install a traffic light caused the accident which led to his parents' deaths.

The court did not improvidently exercise its discretion in granting the petitioner's application. The key factors in determining whether leave to serve a late notice of claim should be granted are whether the claimant has demonstrated a reasonable excuse for the delay, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining a defense on the merits (see, Matter of Buddenhagen v Town of Brookhaven, 212 AD2d 605; General Municipal Law § 50-e [5]).

The traffic accident occurred in September 1994, and the 90-day period in which to serve a notice of claim began to run upon the petitioner's appointment as administrator (see, General Municipal Law § 50-e [1] [a]). Although the petitioner's explanation for his delay in serving a notice of claim following his appointment as administrator is not persuasive, the absence of a reasonable excuse is not fatal to his application (see, Goodall v City of New York, 179 AD2d 481; Matter of Reisse v County of Nassau, 141 AD2d 649).

The record establishes that the County Department of Public Works investigated the circumstances of the decedents' accident within four months of its occurrence in response to an inquiry in October 1994 from a public official about traffic accidents at the same location. In addition, the County conducted a study, which included an outside consultant's report, in May 1994 regarding the need for a traffic light or other safety measures at the intersection. Under the circumstances, the conclusory allegations of prejudice by the County's attorney were insufficient to defeat the petitioner's application. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.