OPINION OF THE COURT
Phillip R. Rumsey, J.
These negligence actions against the Homer Central School District and Vickie Black arise from a motor vehicle accident in which Black’s Chevrolet Blazer collided with the rear of a school bus. At the time, three of Black’s children (Alexander J.R. Black, Casey Michael Black, and Brandie Lynn Edwards) and one other child (Carmen N. Tomberelli) were passengers in Black’s vehicle. As a result of the collision, all of the children were injured, Alexander fatally. Martin Black, Ms. Black’s husband, sues as representative of Alexander’s estate, and on behalf of Casey (his son) and Brandie (his stepdaughter) (index No. 36564); Carmen Perez, Tomberelli’s mother, sues on her daughter’s behalf (index No. 36563). Defendant Vickie Black has answered and cross-claimed against the school district, for indemnification or contribution, in each case. The school district now moves (in lieu of answering the complaint or cross claims) for summary dismissal of all claims and cross claims against it.[1]
The district’s primary contention in these dismissal motions is that it has no duty, in connection with routing its buses and deciding where they will stop to pick up and discharge students, to act with reasonable care toward other motorists on the highways. The district argues that plaintiffs have not alleged that the bus was being negligently operated in any respect (for example, that its flashing red lights were not operable or used properly, that the bus driver acted negligently in resuming motion after stopping, or that it stopped in a location that was not a designated bus stop),[2] but merely that the district was negligent in placing the bus stop where it did. In particular, plaintiffs’ claims seem to focus on allegations that *19 the stop was placed in an area where hilly terrain, road contours, overgrowth of vegetation, and lighting conditions (e.g., intense glare caused by early morning sunlight) obscured its visibility to eastbound drivers, and that the district was negligent in placing the stop there “without adequate study or reasonable grounding,” given the other relevant circumstances (including the speed limit in the area, the absence of warning signs, and the fact that the bus route required a “turn around” just prior to the stop, such that eastbound traffic would have had no prior opportunity to become aware of the bus’s presence before encountering it at the subject location) (complaint 19 [a]-[c]).
The district argues that while it does have a duty to its student passengers to select safe stops (see, Gleich v Volpe, 32 NY2d 517, 522-523), no similar duty runs to other motorists or members of the public with whom the buses may share the highways.[3] Plaintiffs disagree, contending that such a duty flows from Education Law §§ 3622 and 3635 (which relate to the provision of bus transportation in general and the establishment of bus routes) and the common law governing municipal liability.
This court has not uncovered any case explicitly finding a school district liable for breaching a duty of reasonable care toward another motorist, with respect to the routing of buses or the location of a bus stop. Nevertheless, at least one appellate court, while finding no proof that could support a breach in the case before it, implicitly recognized the existence of such a duty (see, Moshier v Phoenix Cent. School Dist., 199 AD2d 1019, affd 83 NY2d 947). Moreover, it is manifestly foreseeable that the location of a bus stop may affect not only the safety of the students being transported, but also that of motorists with whom the buses must share the highways. Certainly, it is foreseeable that accidents might occur, causing damage to other motorists and their passengers, if bus stops are placed without any concern for the bus’s visibility, the ability of an approach *20 ing motorist to comply with his or her statutory duty to stop for the bus, or similar concerns.
In the court’s view, it would be unreasonable to hold that a school district owes absolutely no duty whatsoever to other motorists, when determining where to place a bus stop. Judicial and administrative decisions have delineated the nature and scope of a school district’s duties when exercising its discretionary authority to determine bus routes and stops, pursuant to the cited sections of the Education Law, and there is no reason to conclude that those duties, which encompass the consideration of such factors ás “public safety” (see, Matter of Bedell, 31 Ed Dept Rep 35, 37) do not run to the very “public” whose safety is to be weighed.
On the other hand, it would be illogical to impose upon the district a duty, with respect to the traveling public, that is broader than that owed its own students, or inconsistent with the other legal constraints imposed by statute and common law, including the obligation to consider and balance numerous relevant factors, including cost and efficiency, as well as public safety, when establishing bus routes and stops. In addition, it must be borne in mind that a district is required to provide bus transportation for all students living a specified distance from their schools (see, Education Law § 3635 [1] [a]), including those who may live in areas where it is impossible to devise a stop that is entirely free from hazard, whether to the students using that stop or to the traveling public.
Consequently, it has been held (in the related context of an action charging breach of the duty owed to a student passenger) that a mere insufficiency of sight distance for motorists approaching a stopped school bus is not enough to establish negligence in establishing a bus stop (see, Gleich v Volpe, supra, at 523). Before it may be said that a school district has been negligent in this regard, all factors — including the availability of alternative locations for the stop, and the relative efficiency and cost of those alternatives — must be taken into consideration. Only if the risk to the public safety is both consequential and unreasonable, given any available alternative(s) and bearing in mind all other relevant factors, should liability ensue.[4]
In light of this, it cannot be said, at this early stage of the litigation, that either the plaintiffs’ complaints, or the *21 codefendant’s cross claims, are deficient as a matter of law. Plaintiffs’ allegation that the district placed the subject bus stop where it did “without * * * reasonable grounding” (complaint 19 [c]), taken together with the remainder of the allegations, is sufficient to place the district on notice that the propriety of its decision-making process, and particularly the consideration given to public safety concerns when establishing the bus stop in question, are being challenged. Since the district does have a duty to consider and weigh that factor when siting a bus stop and routing its buses, plaintiffs’ claims that it did not do so, and that their injuries (and death) were caused thereby, are sufficient to state a cause of action at the pleading stage.
Accordingly, the motions brought by the Homer Central School District, in both of the above-captioned actions, are hereby denied.

. Inasmuch as the underlying facts and legal issues are identical in the Black and Perez actions, the court shall resolve the pending motions in a single decision and order, which shall be executed in duplicate so that it may be filed in both matters.

. It is undisputed that the bus driver had activated the flashing red lights while stopped, and that the area in question was a designated bus stop. Black does allege, however, in a general fashion, that the district was negligent in the “operation of its buses and training of its drivers,” and in its “failure to use * * * reasonable care in its bus operations” (affirmation of James P. Godemann, Esq., June 28, 2001, exhibit A [complaint] ]f 19 [fl, [g]).

. In particular, the district cites Vehicle and Traffic Law § 1174, which imposes upon all motorists the duty to stop for a stopped school bus, and upon a bus driver the duty to instruct his or her passengers as to how to safely cross the street, and to utilize the flashing red lights until the passengers have reached a safe position. While section 1174 (a) is undeniably relevant to issues of Black’s liability, neither of these sections provides any guidance with respect to the issue before the court, to wit, the existence and scope of a school district’s duty to the motoring public when determining where to place its bus stops.

. Notably, even if it is shown that the district did not properly consider the applicable factors, that would not establish both negligence and causation, absent proof that such consideration would have resulted in the *21 establishment of a safer stop. Therefore, if it cannot be shown that a safer alternative was available, the injured party’s claims must fail.