■ In the Matter of PEGGY SHAPIRO, Respondent, v COUNTY OF NASSAU, Appellant. [774 NYS2d 752]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Nassau County (Franco, J.), dated February 25, 2003, which granted the application.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the petitioner's application for leave to serve a late notice of claim. In exercising discretion upon such an application the court is required by General Municipal Law § 50-e (5) to consider, among other factors not here relevant: "whether the public corporation or its attorney or *its insurance carrier* acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one . . . whether the claimant failed to serve a timely notice of claim by reason of [her] justifiable reliance upon settlement representations made by an authorized representative of the public corporation *or its insurance carrier* . . . and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits" (emphasis added).

The petitioner notified the insurance carrier for the appellant County of Nassau of the essential facts constituting the claim within the prescribed 90-day period. It does not avail the County to argue that it received no such notice when it makes no effort to dispute that its insurer received such notice.

In addition to satisfying the criterion of General Municipal

Law § 50-e (5), the petitioner demonstrated that her attorney justifiably relied on settlement representations made by David Morse & Associates (hereinafter Morse) on behalf of American Speciality Insurance Services, Inc., the insurer of the appellant and its tenant at the Nassau Veterans Memorial Coliseum (*see Giretti v Greenlawn Fire Dept.*, 80 AD2d 883, 884 [1981]). Morse expressed an interest in "attempting to amicably resolve this matter."

Moreover, there is no conceivable prejudice to the County in maintaining its defense on the merits. The absence of a handrail at the location of the petitioner's fall represents a continuing condition uninfluenced by the delay, and the presence of debris on the steps is so transitory a condition that it would not have remained the same throughout the 90-day period limited for a timely notice of claim (*see* General Municipal Law § 50-e [1] [a]).

The County correctly observes that the petitioner failed to explain the two-month delay between discovering that the County is the owner of the Nassau Veterans Memorial Coliseum and then moving for leave to serve a late notice of claim. However, "the absence of a reasonable excuse is not fatal to [her] application" (*Matter of Affleck v County of Nassau*, 240 AD2d 569, 570 [1997]; *see Matter of Morgan v New York City Hous. Auth.*, 181 AD2d 890, 891 [1992]; *Montalto v Town of Harrison*, 151 AD2d 652, 653 [1989]). Forgiving the absence of such excuse is particularly appropriate here given that the petitioner satisfied three statutory criteria and that this further tardiness in no way prejudiced the County (*cf. Matter of Nieves v Girimonte*, 309 AD2d 753, 754 [2003]; *Matter of D'Andrea v City of Glen Cove Pub. Schools*, 143 AD2d 747, 748 [1988]).

The County's remaining contentions are without merit. Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.