In the Matter of DENISE BILLMAN et al., Respondents, v TOWN OF DEERPARK, Appellant. [900 NYS2d 658]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Orange County (Lubell, J.), dated February 9, 2009, which, inter alia, granted the petition.

Ordered that the order is affirmed, with costs.

Factors to be considered in determining if a petitioner should be granted leave to serve a late notice of claim are, inter alia, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the facts constituting the claim within the time specified in General Municipal Law § 50-e (1) (a) or within a reasonable time thereafter, whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted, whether the delay would substantially prejudice the public corporation in maintaining its defense on the merits, and whether the petitioner demonstrated a reasonable excuse for the delay (*see* General Municipal Law § 50-e [5]; *Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 146 [2008]; *Hebbard v Carpenter*, 37 AD3d 538 [2007]; *Matter of Shapiro v County of Nassau*, 5 AD3d 690 [2004]).

A notice of claim dated February 18, 2008, was served upon the City of Port Jervis and the Port Jervis School District within 90 days after the accident. After discovering that the Town of Deerpark may also be a proper party, the instant proceeding for leave to serve a late notice of claim upon the Town was commenced eight months after the accident. The Town acquired actual knowledge of the essential facts constituting the claim within 90 days after the accident. It appears on the face of the record that the Town's attorneys, who are also Corporation

Counsel for the City of Port Jervis, were involved in defending the identical claims asserted against the City of Port Jervis (*see Matter of Tumm v Town of Eastchester*, 8 AD3d 581 [2004]; *Matter of Shapiro v County of Nassau*, 5 AD3d 690 [2004]; *Matter of Battle v City of New York*, 261 AD2d 614 [1999]; *Matter of Bollerman v New York City School Constr. Auth.*, 247 AD2d 469 [1998]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]). Thus, the petitioners met their initial burden of showing a lack of prejudice (*cf. Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 539 [2006]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152; *Jordan v City of New York*, 41 AD3d 658 [2007]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]). The Town failed to demonstrate that it was prejudiced by reason of the petitioners' delay in commencing this proceeding (*see Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]).

While the petitioners failed to explain the two-month delay between discovering their error concerning the identity of the proper governmental entity to be served and commencing the proceeding (*see Matter of Shapiro v County of Nassau*, 5 AD3d at 691; *Lemma v Off Track Betting Corp.*, 272 AD2d 669, 670 [2000]; *Matter of Duarte v Suffolk County*, 230 AD2d 851, 852 [1996]), under the circumstances of this case, the absence of an excuse for the delay in filing this petition was not fatal (*see Matter of Anderson v City of New York*, 288 AD2d 310 [2001]; *Matter of Affleck v County of Nassau*, 240 AD2d 569 [1997]; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]). Accordingly, the Supreme Court providently exercised its discretion in granting the petition.

It cannot be said at this stage of the proceedings that the action against the Town is patently without merit (*see Burke v Incorporated Vil. of Hempstead*, 156 AD2d 630 [1989]). Rivera, J.P., Florio, Dickerson, Chambers and Lott, JJ., concur.