■ Helen Turner Williams et al., Respondents, v Luis H. Gonzalez et al., Defendants, and Chappaqua Central School District et al., Appellants. [979 NYS2d 363]—

The infant plaintiff, a student at Seven Bridges Middle School (hereinafter the school), allegedly was injured when he was struck by a vehicle operated by the defendant Luis H. Gonzalez while crossing a public road on his way to the school. Thereafter, the infant plaintiff, by his parents, and his parents suing derivatively, commenced this action against Gonzalez, the County of Westchester (hereinafter the County), the Chappaqua Central School District (hereinafter the District), and the Town of New Castle (hereinafter the Town).

The Supreme Court properly granted that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim upon the Town. In opposition to that branch of the motion, the Town argued that leave to serve a late notice of claim should be denied because the proposed claim has no merit. While the merits of a claim ordinarily are not considered on a motion for leave to serve a late notice of claim, leave should be denied where the proposed claim is patently without merit (*see Matter of Catherine G. v County of Essex*, 3 NY3d 175, 179 [2004]; *Matter of Day v Greenburgh Eleven Union Free School Dist.*, 88 AD3d 877 [2011]; *Matter of Gaeta v Incorporated Vil. of Garden City*, 72 AD3d 683, 684 [2010]). Here, contrary to the Town's contention, it failed to demonstrate at this stage of the proceedings that the underlying claim against it was patently without merit (*see Matter of Day v Greenburgh Eleven Union Free School Dist.*, 88 AD3d 877 [2011]; *Matter of Billman v Town of Deerpark*, 73 AD3d 1039, 1040 [2010]; *Burke v Incorporated Vil. of Hempstead*, 156 AD2d 630, 631 [1989]).

The District established its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross

claims insofar as asserted against it. The District demonstrated that it had no duty to supervise the infant plaintiff, who was injured while not within the District's custody and control (*see Pratt v Robinson*, 39 NY2d 554 [1976]; *Silver v Cooper*, 199 AD2d 255, 256 [1993]). The District showed that it neither created the allegedly dangerous condition on the public road, nor had a duty to warn of the condition (*see Hyland v City of New York*, 32 AD3d 822, 822-823 [2006]). Further, school districts have no authority to place traffic signs or markers on any highways (*see Gleich v Volpe*, 32 NY2d 517, 522 [1973]; *see also Moshier v Phoenix Cent. School Dist.*, 199 AD2d 1019, 1020 [1993], *affd* 83 NY2d 947 [1994]). In opposition to the District's prima facie showing, the plaintiffs did not submit any evidence which raised a triable issue of fact as to whether the District had undertaken a duty sufficient to hold it liable for the infant plaintiff's accident. Therefore, the Supreme Court should have granted that branch of the District's cross motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zurich Depository Corp. v Iron Mtn. Info. Mgt., Inc.*, 61 AD3d 750, 751 [2009]).

The issue of whether the plaintiffs should have been granted leave to serve an amended notice of claim upon the District pursuant to General Municipal Law § 50-e (6) has been rendered academic by our determination as to that branch of the District's cross motion which was for summary judgment. Mastro, J.P., Rivera, Leventhal and Chambers, JJ., concur.