In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served, the City School District of the City of Long Beach appeals from an order of the Supreme Court, Nassau County (Bruno, J), entered November 28, 2012, which granted the petition.
Ordered that the order is affirmed, with costs.
In determining whether to grant an application for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served, the court must consider whether (1) the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in filing the petition, and (3) the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e [5]; Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d 790 [2014]; Platt v New York City Health & Hosps. Corp., 105 AD3d 1026, 1027 [2013]; Matter of Bell v City of New York, 100 AD3d 990 [2012]).
Here, the City School District of the City of Long Beach (hereinafter the District) acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose. *784 An accident/incident report and a written statement were prepared on the date of the accident by the District’s security officer, and an OSHA form reporting the petitioner’s injury was prepared two days after the accident. These documents, which were admitted to have been filed with the District, its insurance carrier, and its attorneys, described the time and date of the accident, the petitioner’s injury, and how the accident occurred, indicated that the petitioner was transported to the hospital, and provided actual knowledge of the essential facts constituting the petitioner’s claim, inter alia, that the District had violated Labor Law § 240 (1) (see Klein v City of New York, 89 NY2d 833 [1996]; Gibbs v City of New York, 22 AD3d 717, 719 [2005]; Matter of Farrell v City of New York, 191 AD2d 698 [1993]; Matter of Andrews v New York City Hous. Auth., 190 AD2d 732 [1993]). Since the District acquired timely knowledge of the essential facts constituting the petitioner’s claim, the petitioner met his initial burden of showing a lack of prejudice (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d 1009, 1010 [2013]; Matter of Shapiro v County of Nassau, 5 AD3d 690, 691 [2004]; Rosenblatt v City of New York, 160 AD2d 927, 928 [1990]). The District’s conclusory assertions of prejudice, based solely on the petitioner’s six-week delay in serving the notice of claim, were insufficient to rebut the petitioner’s showing (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d at 1010; Matter of Rodriguez v Woodhull Sch., 105 AD3d 1050 [2013]; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026 [2011]).
While the petitioner did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim and for the further delay in commencing this proceeding (see Matter of Hampson v Connetquot Cent. Sch. Dist., 114 AD3d at 791; Matter of Ryan v New York City Tr. Auth., 110 AD3d 902, 903 [2013]; Casias v City of New York, 39 AD3d 681, 683 [2007]), the absence of a reasonable excuse is not fatal to a petition where, as here, there was actual notice and an absence of prejudice (see Matter of Viola v Ronkonkoma Middle Sch., 107 AD3d at 1010; Matter of Rodriguez v Woodhull Sch., 105 AD3d at 1051; Matter of McLeod v City of New York, 105 AD3d 744, 746 [2013]).
Accordingly, the Supreme Court properly granted the petition for leave to serve a late notice of claim or to deem a late notice of claim to have been timely served.
Rivera, J.P, Dickerson, Chambers, Hinds-Radix and Maltese, JJ., concur.