In the Matter of HERMAN J. VASQUEZ, Appellant, v CITY OF NEWBURGH, Respondent. [826 NYS2d 648]—

In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Orange County (Horowitz, J.), entered January 31, 2006, which granted the respondent's motion pursuant to CPLR 404 to dismiss the petition, denied the petition, and dismissed the proceeding.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the respondent's motion pursuant to CPLR 404 to dismiss the petition is denied, the petition is granted, and the proposed notice of claim is deemed served.

On May 23, 2003 the infant petitioner (hereinafter the petitioner) was struck by a City of Newburgh Police Department vehicle, operated by a civilian employee of the police department, after the petitioner allegedly ran into the roadway from between two parked cars. On or about July 22, 2005 the petitioner, by his mother, commenced this proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). The respondent City of Newburgh (hereinafter the City), moved to dismiss the petition pursuant to CPLR 404. The Supreme Court granted the City's motion, denied the petition, and dismissed the proceeding. We reverse.

The Supreme Court incorrectly determined that it was without discretion to grant the petition because the statute of limitations had expired. While it is the general rule that an application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim must be brought within the one-year and 90-day period provided in General Municipal Law § 50-i, that time period is subject to a toll of up to 10 years due to infancy (*see* CPLR 208; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256, 262 [1980]; *Matter of Tapia v New York City Health & Hosps. Corp.*, 27 AD3d 655, 656 [2006]; *Matter of Kurz v New York City Health & Hosps. Corp.*, 174 AD2d 671, 671-672 [1991]). As the petitioner, by his mother, commenced this proceeding approximately two years after the claim accrued and he was not even three years old at the time of the incident, the Supreme Court erred in its determination that the statute of limitations had expired. The application was made within the

appropriate period of limitation, as tolled by the petitioner's infancy (*see Matter of Makris v Westchester County*, 208 AD2d 843 [1994]).

The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745 [2005]). The infancy of a petitioner, standing alone, does not compel the granting of an application for leave to serve a late notice of claim (*see Berg v Town of Oyster Bay*, 300 AD2d 330 [2002]). Contrary to the Supreme Court's determination, however, the absence of a causal nexus between the petitioner's infancy and the delay in serving the notice of claim, while a factor to be considered by the court, was not fatal to the application (*see Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537-538 [2006]).

The City had actual knowledge of the essential facts constituting the claim well within the 90-day period for serving a notice of claim. The accident involved a City-owned vehicle operated by a civilian employee of the City's police department. The police department responded to the scene and conducted an immediate investigation assisted by a New York State Police Accident Reconstruction Unit. Moreover, an Accident Review Board investigation was also conducted. As the incident directly involved a police department vehicle and employee, and the police department conducted a prompt investigation into the matter possessing all pertinent records from the investigation, the overall circumstances of this matter support an inference that the City effectively received actual notice of the essential facts constituting the claim (*see Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Flynn v City of Long Beach*, 94 AD2d 713, 714 [1983]; *Matter of Gilbert v Eden Cent. School Dist.*, 306 AD2d 925 [2003]; *Miranda v New York City Tr. Auth.*, 262 AD2d 199 [1999]; *Matter of McAdams v Police Dept. of Town of Clarkstown*, 184 AD2d 847, 848 [1992]). In light of the City's actual knowledge of the essential facts constituting the claim, there is no substantial prejudice to the City in maintaining a defense (*see Matter of Tapia v New York City Health & Hosps. Corp., supra* at 656-657; *Matter of Feroz v City of New York*, 8 AD3d 275 [2004]; *Matter of Makris v Westchester County*, at 843; *Matter of Kurz v New York City Health & Hosps. Corp., supra* at 673).

Although the language barrier and lack of knowledge of legal requirements on the part of the petitioner's parents did not constitute a reasonable excuse for the delay in serving a notice of claim (*see Astree v New York City Tr. Auth.*, 31 AD3d 589 [2006]), the lack of a reasonable excuse will not bar the grant-

ing of leave to serve a late notice of claim where, as here, there is actual notice and an absence of prejudice (*see Gibbs v City of New York, supra* at 720).

The respondent's remaining contentions are without merit. Schmidt, J.P., Mastro, Fisher and Dillon, JJ., concur.