■ In the Matter of MARIUSZ GUMINIAK, Respondent, v CITY OF MOUNT VERNON INDUSTRIAL DEVELOPMENT AGENCY, Appellant. [891 NYS2d 469]—

The Supreme Court erred in granting the petitioner leave to serve a late notice of claim. The petitioner's delay in serving the notice of claim was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of*

*Babylon*, 41 AD3d 404, 405-406 [2007]; *Arias v New York City Hous. Auth.*, 40 AD3d 298, 299 [2007]; *Matter of Roland v Nassau County Dept. of Social Servs.*, 35 AD3d 477, 479 [2006]; *Seif v City of New York*, 218 AD2d 595, 596 [1995]). Moreover, the appellant did not have actual knowledge of the essential facts underlying the claim until the petitioner served the petition (*see Matter of James v City of N.Y. Dept. of Envtl. Protection*, 37 AD3d 832, 833 [2007]). The reports of the police and emergency services providers relied upon here by the petitioner are insufficient to impute knowledge of the accident to the appellant (*see Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *Matter of Dancy v Poughkeepsie Hous. Auth.*, 220 AD2d 413, 414 [1995]; *Caselli v City of New York*, 105 AD2d 251, 255-256 [1984]). Finally, the petitioner failed to rebut the appellant's assertion that the delay substantially prejudiced its ability to investigate and defend the claim (*see Matter of Landa v City of New York*, 252 AD2d 525, 526 [1998]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.