In the Matter of ELISCA N. JOY, Appellant, v COUNTY OF SUFFOLK et al., Respondent. [933 NYS2d 369]—

A proceeding for leave to serve a late notice of claim upon a municipality must be commenced within one year and 90 days after the happening of the event upon which the claim is based (*see* General Municipal Law § 50-i [1]). The petitioner timely commenced this proceeding on August 23, 2010, a date within one year and 90 days after the date of the subject accident, when she obtained an index number and filed the notice of petition and petition with the Suffolk County Clerk (*see* CPLR 304 [a], [c]; 306-a [a]; *Matter of One Beacon Ins. Co./CGU Ins. Co. v*

*Daly*, 7 AD3d 717, 718 [2004]; *Matter of Allstate Indem. Co. v Martinez*, 4 AD3d 422 [2004]; *cf. Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745, 747 [2002]). Since the proceeding was timely commenced, the Supreme Court had the authority to grant leave to serve a late notice of claim (*see* General Municipal Law § 50-e [5]; *Pierson v City of New York*, 56 NY2d 950, 954 [1982]), and should have considered the merits of the petition. Although we recognize that the question of whether to grant a request for leave to serve a late notice of claim generally rests, in the first instance, within the sound discretion of the Supreme Court (*see Matter of Butler v Town of Ramapo*, 242 AD2d 570 [1997]), since the record before us is fully developed, we will address the merits of the petition in the interest of judicial economy.

Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter; whether the delay would substantially prejudice the municipality in maintaining its defense; and whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d 138 [2008]). While the presence or the absence of any one of the factors is not necessarily determinative (*see Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]; *Jordan v City of New York*, 41 AD3d 658, 659 [2007]), whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Gonzalez v City of New York*, 60 AD3d 1058, 1059 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 147).

Here, the petitioner demonstrated that the County of Suffolk and the Town of Smithtown (hereinafter together the respondents) acquired timely knowledge of the essential facts underlying her claim by way of the timely notices of claim and copies of the police accident report served upon them by Tatyana Yusupova, a passenger in the same vehicle in which the petitioner was a passenger at the time of accident, who also allegedly sustained injuries in the accident (*see Jordan v City of New York*, 41 AD3d at 660; *Matter of Alvarenga v Finlay*, 225 AD2d 617 [1996]). Since the respondents acquired timely knowledge of the essential facts constituting the petitioner's claim, the petitioner met her initial burden of showing a lack of preju-

dice (*see Matter of Allende v City of New York*, 69 AD3d 931, 933 [2010]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152; *Jordan v City of New York*, 41 AD3d at 660). The respondents' conclusory assertions of prejudice, based solely on the petitioner's delay in serving the notice of claim, were insufficient to rebut the petitioner's showing (*see Jordan v City of New York*, 41 AD3d at 660; *Gibbs v City of New York*, 22 AD3d 717 [2005]; *Matter of Andrew T.B. v Brewster Cent. School Dist.*, 18 AD3d 745, 748 [2005]).

While the petitioner's excuse for her failure to serve a timely notice of claim is not reasonable (*see Matter of Baglivi v Town of Southold*, 301 AD2d 597, 598 [2003]), where there is actual notice and absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim (*see Matter of Brownstein v Incorporated Vil. of Hempstead*, 52 AD3d 507, 510 [2008]; *Matter of Rivera-Guallpa v County of Nassau*, 40 AD3d 1001, 1002 [2007]; *Gibbs v City of New York*, 22 AD3d at 720). Accordingly, the petition should have been granted. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.