In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Fire Island Union Free School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J), dated September 11, 2012, as granted that branch of the petition which was for leave to serve a late notice of claim upon it.
Ordered that the order is affirmed insofar as appealed from, with costs.
In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days after the claim accrued (see Education Law § 3813 [2]; General Municipal Law § 50-i [1]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 143 [2008]; Matter of Padovano v Massapequa Union Free School Dist., 31 AD3d 563, 564 [2006]). In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the claimant had a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after *1051 the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in maintaining its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Bazile v City of New York, 94 AD3d 929, 929-930 [2012]; Matter of Henriques v City of New York, 22 AD3d 847, 848 [2005]).
Here, the Fire Island Union Free School District (hereinafter the District) acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose (see Matter of Leeds v Port Washington Union Free School Dist., 55 AD3d 734, 735 [2008]; Gibbs v City of New York, 22 AD3d 717, 719 [2005]; Bovich v East Meadow Pub. Lib., 16 AD3d 11, 20 [2005]). Immediately after the petitioner allegedly was injured in an accident at a school in the District, the petitioner told the school’s custodian how the accident occurred, a District employee called emergency medical services, and the petitioner was transported to a hospital. An incident form was prepared by the District which indicated the time and place of the accident and the petitioner’s injuries, and the petitioner’s accident was discussed at a construction meeting attended by the school’s superintendent. Since the District acquired timely knowledge of the essential facts constituting the petitioner’s claim, the petitioner met his initial burden of showing a lack of prejudice (see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026 [2011]; Matter of Allende v City of New York, 69 AD3d 931, 933 [2010]; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d at 152). The District’s conclusory assertions of prejudice, based solely on the petitioner’s delay in serving the notice of claim, were insufficient to rebut the petitioner’s showing (see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Jordan v City of New York, 41 AD3d 658, 660 [2007]; Gibbs v City of New York, 22 AD3d 717 [2005]).
While the petitioner’s excuses for his failure to serve a timely notice of claim were not reasonable (see Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623 [2006]; Astree v New York City Tr. Auth., 31 AD3d 589 [2006]), the absence of a reasonable excuse is not fatal to the petition where, as here, there was actual notice and absence of prejudice (see Matter of Lavender v Garden City Union Free School Dist., 93 AD3d 670, 671 [2012]; Matter of St. Paul Guardian Ins. Corp. v Pocatello Fire Dist., 90 AD3d 761, 762 [2011]; Matter of Vasquez v City of Newburgh, 35 AD3d at 623).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim upon the District.
Skelos, J.E, Chambers, Sgroi and Hinds-Radix, JJ., concur.