In an action to recover damages for personal injuries, etc., the defendants City of New York, New York City Police Department, and Yusef Sezen appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Ash, J.) dated February 8, 2013, as granted that branch of the plaintiffs’ motion which was, in effect, for leave to serve and file a late notice of claim against the defendants City of New York and New York City Police Department.
Ordered that the appeal by the defendant Yusef Sezen is dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
Ordered that the order is affirmed insofar as appealed from by the defendants City of New York and New York City Police Department; and it is further,
Ordered that the plaintiffs are awarded one bill of costs, payable by the defendants City of New York and New York City Police Department.
On November 25, 2011, the plaintiff Metin Bakioglu (hereinafter the plaintiff), while employed by the New York City Police Department (hereinafter the NYPD) and riding in an NYPD vehicle, allegedly was injured when that vehicle was involved in a motor vehicle accident. On August 20, 2012, the plaintiff, and his wife suing derivatively, moved by order to show cause, inter alia, in effect, for leave to serve and file a late notice of claim against the City of New York and the NYPD (hereinafter together the city defendants). The Supreme Court granted that branch of the motion.
The determination of an application for leave to serve and file a late notice of claim is left to the sound discretion of the court *659 (see Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623 [2006]). Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipality in maintaining its defense (see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026 [2011]; Matter of March v Town of Wappinger, 29 AD3d 998, 999 [2006]). Neither the presence nor absence of any one factor is determinative (see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Matter of Chambers v Nassau County Health Care Corp., 50 AD3d 1134, 1135 [2008]). The absence of a reasonable excuse is not necessarily fatal (see Matter of Joy v County of Suffolk, 89 AD3d at 1027; Matter of Chambers v Nassau County Health Care Corp., 50 AD3d at 1135; Jordan v City of New York, 41 AD3d 658, 660 [2007]; Matter of March v Town of Wappinger, 29 AD3d at 999). However, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059 [2009]; Matter of Dell’Italia v Long Is. R.R. Corp., 31 AD3d 758, 759 [2006]).
Here, the city defendants had actual notice of the essential facts constituting the claim well within the 90-day period for serving a notice of claim. The NYPD responded to the scene of the accident and conducted an immediate investigation. As the accident directly involved an NYPD vehicle and employee, and the NYPD conducted a prompt investigation into the matter and possessed pertinent records from the investigation, the overall circumstances of this matter support an inference that the city defendants effectively received actual notice of the essential facts constituting the claim (see Matter of Vasquez v City of Newburgh, 35 AD3d at 623). In light of the city defendants’ actual knowledge of the essential facts constituting the claim, there is no substantial prejudice to the city defendants in maintaining a defense (see Matter of Joy v County of Suffolk, 89 AD3d at 1026; Matter of Vasquez v City of Newburgh, 35 AD3d at 623). Furthermore, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim where, as here, there is actual notice and an absence of prejudice (see Matter of Joy v County of Suffolk, 89 AD3d at 1027; Matter of Vasquez v City of Newburgh, 35 AD3d at 623-624). Accordingly, the Supreme Court properly granted that branch of the *660 plaintiffs’ motion which was, in effect, for leave to serve and file a late notice of claim against the city defendants.
Mastro, J.E, Lott, Sgroi and LaSalle, JJ., concur.