■ In the Matter of JEANETTE FOX, Individually and as Mother and Natural Guardian of JAZMEENE FOX, an Infant, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION, Respondent. [2 NYS3d 210]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, Jeanette Fox, individually and as mother and natural guardian of the infant Jazmeene Fox, appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), entered May 16, 2014, which denied the petition and dismissed the proceeding.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the petition which was for leave to serve a late notice of claim on behalf of Jazmeene Fox and substituting therefor a provision granting that branch of the petition; as so modified, the order is affirmed, with costs to the petitioner.

The petitioner commenced this proceeding for leave to serve a late notice of claim against the New York City Department of Education (hereinafter the DOE) in her individual capacity and as mother and natural guardian of her child, Jazmeene Fox (hereinafter Jazmeene). The Supreme Court denied the petition and dismissed the proceeding.

The Supreme Court correctly denied that branch of the petition which was for leave to serve a late notice of claim on behalf of the petitioner, individually, since it was made more than one year and 90 days after the cause of action accrued (see General Municipal Law § 50-i [1] [c]; Bazile v City of New York, 94 AD3d 929, 930 [2012]). However, with respect to the claims made by the petitioner on behalf of Jazmeene, the limitations period was tolled by reason of Jazmeene's infancy (see CPLR 208; Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 259 [1980]).

In order to maintain a tort action against a school district, a claimant must serve a notice of claim within 90 days of the alleged injury (see Education Law § 3813 [2]; General Municipal Law § 50-i [1]; Bazile v City of New York, 94 AD3d at 929; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 143 [2008]). In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the school district or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the injured party was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the school district was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]; Williams v Nassau County Med.

*Ctr.*, 6 NY3d 531, 535 [2006]). Upon consideration of these factors in the instant case, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was for leave to serve a late notice of claim on behalf of Jazmeene.

A notice of claim dated February 16, 2011, was served on the City of New York within 90 days after the subject accident. Under the circumstances of this case, the DOE acquired actual knowledge of the essential facts constituting Jazmeene's claim within 90 days after the accident because the same attorney from the office of the New York City Corporation Counsel who represented the DOE was involved in defending the identical claims asserted against the City (*see* Education Law § 3813 [2-a]; *Matter of Billman v Town of Deerpark*, 73 AD3d 1039, 1039-1040 [2010]). Thus, the petitioner met her initial burden of showing a lack of prejudice (*cf. Williams v Nassau County Med. Ctr.*, 6 NY3d at 539; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d at 152), and the DOE failed to demonstrate that it was prejudiced by the delay in commencing this proceeding (*see Matter of Billman v Town of Deerpark*, 73 AD3d at 1040).

While the petitioner failed to provide a reasonable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency*, 68 AD3d 1111 [2009]; *Matter of Gobardhan v City of New York*, 64 AD3d 705, 706 [2009]), the absence of an excuse is not fatal where the DOE had actual knowledge of the essential facts constituting the claim, and there was an absence of prejudice (*see Matter of Bonaguro v City of New York*, 122 AD3d 731 [2014]; *Matter of Viola v Ronkonkoma Middle Sch.*, 107 AD3d 1009, 1010 [2013]). Accordingly, that branch of the petition which was for leave to serve a late notice of claim on behalf of Jazmeene should have been granted. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.