■ In the Matter of TREVIAN MORRIS, Appellant, v CITY OF NEW YORK et al., Respondents. [18 NYS3d 702]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from (1) an order of the Supreme Court, Queens County (Kerrigan, J.), entered March 21, 2014, which denied the petition, and (2) an order of the same court entered November 20, 2014, which denied her motion for leave to renew the petition.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents.

In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense (*see* General Municipal Law § 50-e [5]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Leeds v Port Washington Union Free School Dist.*, 55 AD3d 734 [2008]; *Matter of Felice v Eastport / South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

The petitioner's delay in serving the notice of claim was the result of law office failure, which is not an acceptable excuse for the failure to timely comply with the provisions of General Municipal Law § 50-e (*see Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency*, 68 AD3d 1111 [2009]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078, 1079 [2009]; *Matter of Roland v Nassau County Dept. of Social Servs.*, 35 AD3d 477, 478 [2006]).

Furthermore, the petitioner failed to establish that the City of New York acquired timely, actual knowledge of the essential facts constituting the petitioner's claim. The police accident report, made by a police officer at the scene of the accident, did not provide the City with actual notice of the petitioner's claim that she was injured as a result of the City's negligence (*see Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Claim letters that the petitioner allegedly sent to the New York City Department of Health and Mental Hygiene and one of its employees about one month after the accident were submitted by the petitioner for the first time in her reply papers, and, thus, were not properly before the Supreme Court (*see DiLapi v Saw Mill Riv., LLC*, 122 AD3d 896, 900 [2014]; *Matell Contr. Co., Inc. v Fleetwood Park Dev., LLC*, 111 AD3d 681, 683 [2013]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]). Moreover, the petitioner failed to demonstrate that the delay of approximately four months after the expiration of the 90-day statutory deadline for serving a notice of claim would not substantially prejudice the City in maintaining its defense on the merits (*see Iglesias v Brentwood Union Free Sch. Dist.*, 118 AD3d 785, 786 [2014]; *Brandi v City of New York*, 90 AD3d 751 [2011]; *Moran v New York City Hous. Auth.*, 224 AD2d 257,

258 [1996]). Accordingly, the court providently exercised its discretion in denying the petition.

In addition, the Supreme Court properly denied the petitioner's subsequent motion for leave to renew her petition. In support of her motion, the petitioner proffered evidence that two passengers of the vehicle which she was operating at the time of the accident had commenced actions against the City to recover damages for personal injuries sustained in the same accident. The petitioner did not offer a reasonable justification for failing to present this evidence with her original submissions supporting her petition (*see* CPLR 2221 [e] [3]; *Rose v Levine*, 98 AD3d 1015, 1016 [2012]). Her attorney's contention that he believed that the evidence originally submitted in support of the petition was sufficient did not constitute reasonable justification (*see Brown Bark I, L.P. v Imperial Dev. & Constr. Corp.*, 65 AD3d 510, 512 [2009]; *Zarecki & Assoc., LLC v Ross*, 50 AD3d 679, 680 [2008]; *Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532, 533 [2007]). In any event, the new evidence did not include the notices of claim served in connection with the related personal injury actions to establish that the City had timely, actual knowledge of the petitioner's claim of negligence by the City and her resulting injuries (*see Olivera v City of New York*, 270 AD2d 5, 5-6 [2000]; *Matter of Mangona v Village of Greenwich*, 252 AD2d 732, 733 [1998]; *Rudd v Andrews*, 199 AD2d 772, 773 [1993]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.