■ In the Matter of BUZINA JAFFIER, Appellant, v CITY OF NEW YORK et al., Respondents. [51 NYS3d 108]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Jiminez-Salta, J.), dated April 24, 2015, which denied the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the petition is granted.

The petitioner alleges that she was injured on January 25, 2014, when she was a passenger in a motor vehicle that was involved in a collision with a motor vehicle operated by the respondent Antoine Faison, a detective employed by the respondent New York City Police Department (hereinafter the NYPD), and owned by the respondent the City of New York. On August 21, 2014, the petitioner commenced this proceeding for leave to serve a late notice of claim. The Supreme Court denied the petition.

The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court (*see Matter of Vasquez v City of Newburgh*, 35 AD3d 621, 623 [2006]). Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim; whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter; and whether the delay would substantially prejudice the municipality in maintaining its defense (*see Matter of Joy v County of Suffolk*, 89 AD3d 1025, 1026 [2011]; *Matter of March v Town of Wappinger*, 29 AD3d 998, 999 [2006]). Neither the presence nor absence of any one factor is determinative (*see Matter of Joy v County of Suffolk*, 89 AD3d at 1026; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134, 1135 [2008]). The absence of a reasonable excuse is not necessarily fatal (*see Matter of Joy v County of Suffolk*, 89 AD3d at 1027; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d at 1135; *Jordan v City of New York*, 41 AD3d 658, 660 [2007]; *Matter of March v Town of Wappinger*, 29 AD3d at 999). However, whether the municipality acquired timely actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Mohamed v New York City*, 139 AD3d 858, 858 [2016]; *Matter of Mitchell v City of New York*, 134 AD3d 941, 941 [2015]; *Matter of Lawhorne v City of New York*, 133 AD3d 856, 856 [2015]).

Under the circumstances presented, the City acquired timely, actual knowledge of the essential facts constituting the claim. Although a police report regarding an automobile accident does not, in and of itself, constitute notice of the claim to a municipality (*see Kuterman v City of New York*, 121 AD3d 646, 647-648 [2014]; *Matter of Klass v City of New York*, 103 AD3d

800, 801 [2013]; *Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 852-853 [2012]), where the municipality's employee was involved in the accident and the report or investigation reflects that the municipality had knowledge that it committed a potentially actionable wrong, the municipality can be found to have notice (*see Bakioglu v Tornabene*, 117 AD3d 658, 659 [2014]; *Matter of Boskin v New York City Tr. Auth.*, 44 AD3d 851, 852 [2007]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621 [2006]).

Here, the City and the NYPD acquired timely actual notice of the facts underlying the claim. The subject motor vehicle accident involved a police department vehicle and police department employee. The NYPD responded to the scene and conducted an investigation into the facts and circumstances surrounding the accident. Indeed, the police accident report specifically noted that the petitioner, as well as the driver of the vehicle in which she was a passenger, made statements alleging that Faison was liable. The police accident report also noted that the petitioner was injured and that a copy of the report was being provided to the Office of the Comptroller, as well as the Motor Transport Division and Personal Safety Unit of the NYPD. Thus, the overall circumstances of this matter support an inference that the City effectively received actual notice of the essential facts constituting the claim (*see Bakioglu v Tornabene*, 117 AD3d at 659; *Matter of Vasquez v City of Newburgh*, 35 AD3d at 623). In light of the City's actual knowledge of the essential facts constituting the claim, there is no substantial prejudice to the City in maintaining a defense (*see Bakioglu v Tornabene*, 117 AD3d at 659; *Matter of Joy v County of Suffolk*, 89 AD3d at 1026; *Matter of Vasquez v City of Newburgh*, 35 AD3d at 623; *cf. Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455 [2016]). "[W]here there is actual notice and an absence of prejudice, the lack of a reasonable excuse will not bar the granting of leave to serve a late notice of claim" (*Erichson v City of Poughkeepsie Police Dept.*, 66 AD3d 820, 821 [2009]).

Accordingly, the Supreme Court improvidently exercised its discretion in denying the petition. Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.