■ In the Matter of Naveen Kumar et al., Appellants, v Dormitory Authority of the State of New York et al., Respondents. [55 NYS3d 361]—

Appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 28, 2015. The order, insofar as appealed from, denied that branch of the petition which was to serve a late notice of claim upon the respondent Dormitory Authority of the State of New York.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 6, 2014, the petitioner Naveen Kumar (hereinafter the injured petitioner) allegedly was injured after falling from a ladder while performing construction work in connection with a project for the Dormitory Authority of the State of New York (hereinafter DASNY). In April 2015, the petitioners commenced this proceeding for leave to serve a late notice of claim upon DASNY, among others. The Supreme Court denied that branch of the petition, and the petitioners appeal.

General Municipal Law § 50-e (5) requires the court to consider various factors in determining whether to grant leave to serve a late notice of claim, including whether (1) the petitioner demonstrated a reasonable excuse for failing to serve a timely notice of claim, (2) the public corporation acquired actual knowledge of the facts constituting the claim within 90 days from its accrual or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation

in maintaining a defense on the merits (*see Matter of Jaffier v City of New York*, 148 AD3d 1021 [2017]; *Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d 909 [2017]; *Hudson v Patel*, 146 AD3d 758 [2017]).

Under the circumstances of this case, the petitioners failed to set forth a reasonable excuse for their delay of approximately 11 months in seeking leave to serve a late notice of claim, since they failed to substantiate their assertion that the delay was warranted by the injuries suffered by the injured petitioner (*see e.g. Matter of Maggio v City of New York*, 137 AD3d 1282 [2016]; *Matter of Borrero v New York City Hous. Auth.*, 134 AD3d 1104 [2015]; *Matter of Snyder v County of Suffolk*, 116 AD3d 1052 [2014]), or that the delay was justified by their filing of a request pursuant to the Freedom of Information Law (Public Officers Law art 6).

Furthermore, the petitioners did not establish that DASNY acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter. The petitioners' allegations that DASNY personnel were present at the project site on the date of the accident and may have acquired knowledge of the incident at that time were vague, speculative, and insufficient for this purpose (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813 [2013]; *Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708 [2012]). Additionally, DASNY's receipt of information regarding the accident approximately 37 days after the 90-day statutory period had elapsed did not, under the circumstances, provide it with actual knowledge of the essential facts within a reasonable time after the claim arose (*see Matter of Bhargava v City of New York*, 130 AD3d 819 [2015]; *Matter of Murray v Village of Malverne*, 118 AD3d 798 [2014]; *Matter of Sanchez v City of New York*, 116 AD3d 703 [2014]; *Matter of Katsiouras v City of New York*, 106 AD3d 916 [2013]).

While the petitioners satisfied their initial burden of showing a lack of substantial prejudice to DASNY as a result of the late notice, and DASNY failed to make a particularized evidentiary showing of substantial prejudice in response (*see Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466-467 [2016]), the presence or absence of any one factor is not necessarily determinative in deciding whether permission to serve a late notice of claim should be granted (*see Matter of Jaffier v City of New York*, 148 AD3d 1021 [2017]; *Matter of Ramos v Board of Educ. of the City of N.Y.*, 148 AD3d 909 [2017]; *Horn v Bellmore Union Free Sch. Dist.*, 139 AD3d 1006, 1007 [2016]; *Matter of Joy v County of Suffolk*, 89 AD3d 1025 [2011]).

Accordingly, the Supreme Court did not improvidently exercise its sound discretion (*see Randolph v Westchester Med. Ctr.*, 122 AD3d 822 [2014]; *Matter of Vasquez v City of Newburgh*, 35 AD3d 621 [2006]) in denying that branch of the petition which was for leave to serve a late notice of claim upon DASNY. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.