Matter of Cruz v Transdev Servs., Inc. (2018 NY Slip Op 02463)





Matter of Cruz v Transdev Servs., Inc.


2018 NY Slip Op 02463


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-05890
 (Index No. 601936/16)

[*1]In the Matter of Blanca Marlen Cruz, appellant,
v Transdev Services, Inc., et al., respondents.


Pulvers, Pulvers, Thompson & Friedman, LLP, New York, NY (Stacy L. Thompson of counsel), for appellant.
Harris Beach, PLLC, Uniondale, NY (William J. Garry of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated May 10, 2016, which denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On January 23, 2015, the petitioner allegedly sustained personal injuries when she fell while riding on a bus owned and operated by the respondents, Transdev Services, Inc., and the County of Nassau. On March 23, 2016, the petitioner commenced this proceeding for leave to serve a late notice of claim upon the respondents. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
A party seeking to sue a public corporation must serve a notice of claim on the public corporation within 90 days after the claim arises (see General Municipal Law § 50-e[1][a]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim (see General Municipal Law § 50-e[5]). "In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, [the] court must consider all relevant circumstances, including whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the delay would substantially prejudice the public corporation in its defense, and whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (Matter of Weaver v City of New York, 138 AD3d 873, 874; see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Iacone v Town of Hempstead, 82 AD3d 888, 888-889 [citations omitted]; see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). "The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623; see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 465).
The petitioner failed to establish that the respondents received timely, actual notice of the essential facts constituting the claim by reason of a police accident report filled out by an officer who responded to the scene of the petitioner's accident. "Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" (Caselli v City of New York, 105 AD2d 251, 255). The fact that the Nassau County Police Department had actual knowledge of the accident, without more, cannot be considered actual knowledge of the essential facts underlying the claim against the respondents (see Matter of Klass v City of New York, 103 AD3d 800, 801; Hardayal v City of New York, 281 AD2d 593; cf. Matter of Jaffier v City of New York, 148 AD3d 1021, 1023).
On the issue of prejudice, "the burden initially rests on the petitioner to show that the late notice will not substantially prejudice the public corporation. Such a showing need not be extensive, but the petitioner must present some evidence or plausible argument that supports a finding of no substantial prejudice" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466). "Once this initial showing has been made, the public corporation must respond with a particularized evidentiary showing that the corporation will be substantially prejudiced if the late notice is allowed" (id. at 467). Here, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the respondents were not substantially prejudiced by the nearly 11-month delay from the expiration of the 90-day statutory period until the commencement of this proceeding in March 2016. Therefore, the burden never shifted to the respondents (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1001).
Finally, the petitioner did not provide a reasonable excuse for failing to timely serve a notice of claim (see Matter of Morris v City of New York, 132 AD3d 997, 998).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court