Matter of Johnson v County of Suffolk (2018 NY Slip Op 08482)





Matter of Johnson v County of Suffolk


2018 NY Slip Op 08482


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-10811
 (Index No. 3288/17)

[*1]In the Matter of John Johnson, etc., et al., petitioners- respondents, 
v
County of Suffolk, et al., respondents, Town of Babylon, appellant.


Brody, O'Connor & O'Connor, Northport, NY (Patricia A. O'Connor and Aisha K. Brosnan of counsel), for appellant.
Michael D. Sharp (Pollack, Pollack, Isaac & De Cicco, LLP, New York, NY [Brian J. Isaac], of counsel), for petitioners-respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e, the Town of Babylon appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 1, 2017. The order, insofar as appealed from, in effect, granted those branches of the petition which were for leave to amend a notice of claim against the Town of Babylon and for leave to serve a late notice of claim against the Town of Babylon.
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, and those branches of the petition which were for leave to amend the notice of claim against the Town of Babylon and for leave to serve a late notice of claim against the Town of Babylon are denied.
On June 14, 2014, the infant petitioner (hereinafter the child), who was then 10 years of age, was injured when a motor vehicle struck him as he crossed Montauk Highway with his family. Thereafter, the child, by his parent and natural guardian, Jeanette Magwood, and Jeanette Magwood, individually (hereinafter together the petitioners), served a notice of claim on, among others, the Town of Babylon. In 2017, the petitioners, in effect, commenced this proceeding for leave to amend the notice of claim, and for leave to serve a late notice of claim, to assert as a theory of liability that a Town employee, a park ranger, having stopped his vehicle in one lane of travel, waved to the family to cross the highway, which resulted in the child being struck by a vehicle traveling in a different lane. By order dated September 1, 2017, the Supreme Court, inter alia, in effect, granted those branches of the petition. The Town appeals.
"A timely and sufficient notice of claim is a condition precedent to asserting a tort claim against a municipality or public benefit corporation" (Se Dae Yang v New York City Health & Hosps. Corp., 140 AD3d 1051, 1052; see General Municipal Law § 50-e[1][a]; Brown v City of New York, 95 NY2d 389, 392-393).
The Supreme Court should have denied that branch of the petition which was for leave to amend the notice of claim against the Town to assert a new theory of liability based on the [*2]Town park ranger's alleged act of waving to the family to cross the highway. "A notice of claim may be amended only to correct good faith and nonprejudicial technical mistakes, omissions, or defects, not to substantively change the nature of the claim or the theory of liability" (Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897; see Matter of Corwin v City of New York, 141 AD3d 484, 488; Robinson v City of New York, 138 AD3d 1093, 1094). Here, this addition of a new theory of liability was not technical in nature and was not permitted as an amendment to a notice of claim under General Municipal Law § 50-e(6) (see Castillo v Kings County Hosp. Ctr., 149 AD3d at 897; Robinson v City of New York, 138 AD3d at 1094).
The Supreme Court lacked authority to grant that branch of the petition which was for leave to serve a late notice of claim on behalf of Magwood, individually, against the Town. Subject to certain tolling provisions, and except in a wrongful death action, a party must seek leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim (see General Municipal Law §§ 50-e[5], 50-i[1]; Pierson v City of New York, 56 NY2d 950, 954; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d 996, 997; Bazile v City of New York, 94 AD3d 929, 929). The court is without authority to grant leave to serve a late notice of claim made after the applicable statute of limitations expired (see Pierson v City of New York, 56 NY2d at 954-956; Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d at 997-998). Here, the petitioners sought leave to serve the notice of claim, alleging the theory that the Town park ranger waved to the family to cross the highway, more than one year and 90 days after the claim accrued. As the Town acknowledges, the limitations period for claims on the child's behalf was tolled due to the child's infancy (see CPLR 208; Matter of Fox v New York City Dept. of Educ., 124 AD3d 887, 888). However, "[t]he infancy toll (see CPLR 208) is personal to the infant . . . and does not extend to [a] derivative cause of action" (Bazile v City of New York, 94 AD3d at 930 [internal quotation marks omitted]; see Nardi v County of Nassau, 18 AD3d 520, 521). Thus, the court lacked authority to grant that branch of the petition which was for leave to serve a late notice of claim on behalf of Magwood, individually, since it was made more than one year and 90 days after the claim accrued (see Cassidy v Riverhead Cent. Sch. Dist., 128 AD3d at 998; Matter of Fox v New York City Dept. of Educ., 124 AD3d at 888).
Turning to that branch of the petition which was for leave to serve a late notice of claim on behalf of the child against the Town, "[t]he determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; see Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623). "Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted are whether the claimant had a reasonable excuse for the failure to serve a timely notice of claim; whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter; and whether the delay would substantially prejudice the municipality in maintaining its defense" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026). "Neither the presence nor absence of any one factor is determinative" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Joy v County of Suffolk, 89 AD3d at 1026). "The absence of a reasonable excuse is not necessarily fatal" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Joy v County of Suffolk, 89 AD3d at 1027). "However, whether the municipality acquired timely actual knowledge of the essential facts constituting the claim is of great importance" (Matter of Jaffier v City of New York, 148 AD3d at 1022; see Matter of Mohamed v New York City, 139 AD3d 858, 858; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147).
Here, the petitioners failed to establish that the Town acquired actual knowledge, within 90 days of the collision or a reasonable time thereafter, of the essential facts constituting the claim that the Town park ranger waved to the family to cross the highway. It is not alleged that the child was struck by a Town vehicle or a Town employee. In addition, Magwood's testimony at her hearing held pursuant to General Municipal Law § 50-h did not indicate that a Town park ranger waved to the family to cross the highway. Although several witnesses to the collision gave a statement to the effect that the Town park ranger waved to the family to cross the highway, these statements were made to Suffolk County Police Department (hereinafter SCPD) personnel and [*3]memorialized in SCPD reports (cf. Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 731). Further, while the Town park ranger prepared a Town Division of Enforcement and Security Public Safety report on the date of the collision, that report did not indicate that the Town park ranger waved to the family to cross the highway. " [F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation'" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000, quoting Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). The Town park ranger's report did not support a ready inference that the Town committed a potentially actionable wrong (cf. Matter of Devivo v Town of Carmel, 68 AD3d 991, 992).
Moreover, the petitioners failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim asserting the theory that the Town park ranger waved to the family to cross the highway and for the subsequent delay in filing this petition (see Matter of Naar v City of New York, 161 AD3d 1081; Matter of Morris v City of New York, 132 AD3d 997, 998). Although the petitioners satisfied their initial burden of showing a lack of substantial prejudice to the Town as a result of the late notice, and the Town failed to make a "particularized showing" of substantial prejudice (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 467), the presence or absence of any one factor is not necessarily determinative in deciding whether permission to serve a late notice of claim should be granted (see Matter of Jaffier v City of New York, 148 AD3d at 1022; Matter of Joy v County of Suffolk, 89 AD3d at 1027).
A balancing of the relevant factors (see General Municipal Law § 50-e[5]) demonstrates that the Supreme Court improvidently exercised its discretion in granting that branch of the petition which was for leave to serve a late notice of claim on behalf of the child against the Town to assert as a theory of liability that a Town park ranger waved to the family to cross the highway (see Matter of McClancy v Plainedge Union Free Sch. Dist., 153 AD3d 1413, 1416; Matter of Shun Mao Ma v New York City Health & Hosps. Corp., 153 AD3d 529, 531).
Accordingly, the Supreme Court should have denied those branches of the petition which were for leave to amend the notice of claim against the Town of Babylon and for leave to serve a late notice of claim against the Town of Babylon.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court