J.B. v Singh (2019 NY Slip Op 04123)





J.B. v Singh


2019 NY Slip Op 04123


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-00847
 (Index No. 708931/15)

[*1]J.B., etc., appellant, 
v
Balram Singh, et al., defendants.


Mallilo & Grossman, Flushing, NY (Lorenzo Tasso of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered December 12, 2017. The order, insofar as appealed from, denied that branch of the plaintiff's unopposed motion which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and that branch of the plaintiff's motion which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York is granted.
The plaintiff, by his mother and natural guardian, commenced this action to recover damages for injuries allegedly sustained by him in a motor vehicle accident. Following the joinder for trial of this action with two related actions arising from the same accident, the plaintiff moved, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. The City, which was a defendant in both of the related actions, did not submit opposition to the plaintiff's motion. Nonetheless, the Supreme Court denied that branch of the motion which was for leave to serve a late notice of claim upon the City. The plaintiff appeals.
In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), a court must consider all relevant facts, including, but not limited to, whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Matter of R.N. v Village of New Sq., 164 AD3d 508, 509; N.F. v City of New York, 161 AD3d 1046, 1047). Neither the presence nor absence of any one factor is determinative (see Matter of Johnson v County of Suffolk, 167 AD3d 742; Matter of Jaffier v City of New York, 148 AD3d 1021, 1022). The absence of a reasonable excuse is not necessarily fatal when weighed against other relevant factors (see Matter of Ramos v New York City Hous. Auth., 162 AD3d 884, 885; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1236). However, whether the municipality acquired timely, actual knowledge of the essential facts constituting the claim is of great importance (see Matter of City of New York v County of Nassau, 146 AD3d 948, 950; Matter of Mohamed v New York City, 139 AD3d 858, 858).
Here, the plaintiff demonstrated that the City acquired timely, actual knowledge of the essential facts constituting his claim by way of the timely notice of claim served upon it by the plaintiff in one of the related actions (see Matter of Tejada v City of New York, 161 AD3d 876, 877; Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Jordan v City of New York, 41 AD3d 658, 660). Inasmuch as the City acquired timely, actual knowledge of the essential facts constituting this plaintiff's claim, the plaintiff made an initial showing that the City was not prejudiced by the delay in serving a late notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). There is no evidence in the record to support a finding of substantial prejudice, as the City did not oppose the plaintiff's motion (see id. at 465). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim upon the City.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court