M.L. v City of New York (2019 NY Slip Op 04686)





M.L. v City of New York


2019 NY Slip Op 04686


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-00153
 (Index No. 712821/16)

[*1]M.L., etc., respondent, 
v
City of New York, et al., appellants, et al., defendants.


Picciano & Scahill, P.C., Bethpage, NY (Andrea E. Ferrucci and Aigul E. Sarvarova of counsel), for appellants.
Mallilo & Grossman, Flushing, NY (Jessica Kronrad of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants City of New York and New York City Department of Education appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered August 25, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 26, 2016, the plaintiff, by his mother and natural guardian, commenced this action to recover damages for injuries the plaintiff allegedly sustained in a motor vehicle accident on October 2, 2015, when a school bus in which he was a passenger collided with another vehicle owned and operated by the defendant Paul Campbell. The school bus allegedly was operated by the defendant Monique Roberts and owned by the defendant Penny Transportation, Inc., with which the defendant New York City Department of Education (hereinafter the DOE) allegedly contracted to transport students to the defendant Parson's Pre School. Prior to commencing this action, a timely notice of claim was served upon the Office of the Comptroller of the City of New York, to which was attached an uncertified copy of the police accident report dated October 5, 2015. The notice of claim identified the date and specific location of the collision, as well as the specific vehicles and drivers involved, and alleged that the plaintiff was injured in the collision as a result of the negligence, carelessness, and recklessness of the defendant City of New York and the DOE (hereinafter together the City defendants) in their ownership, operation, management, maintenance, and control of the school bus. While not expressly alleged in the notice of claim, the attached police accident report included a notation that the intersection where the accident occurred was "missing a stop sign," causing the Campbell vehicle to hit the school bus.
On or about February 27, 2017, the plaintiff moved for leave to serve a late notice of claim or, in the alternative, for leave to amend the notice of claim. The proposed late notice of claim described the plaintiff's injuries as arising not only from the alleged negligence in the ownership, operation, management, maintenance, and control of the school bus, but also from the alleged negligence of the City and the New York City Department of Transportation regarding the maintenance and management of the alleged missing stop sign. The Supreme Court granted that branch of the plaintiff's motion which was for leave to serve a late notice of claim. The City [*2]defendants appeal.
"Subject to certain tolling provisions, and except in a wrongful death action, a party must seek leave to serve a late notice of claim within one year and 90 days of the accrual date of the claim" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 744; see General Municipal Law §§ 50-e[5]; 50-i[1]). Here, we agree with the Supreme Court that although the plaintiff's motion was made more than one year and 90 days after the claim accrued, it was timely, as the limitations period was tolled by reason of the plaintiff's infancy (see Matter of Fox v New York City Dept. of Educ., 124 AD3d 887, 888).
"The determination of an application for leave to serve a late notice of claim is left to the sound discretion of the court" (Matter of Jaffier v City of New York, 148 AD3d 1021, 1022). In determining whether to grant leave to serve a late notice of claim under General Municipal Law § 50-e(5), a court must consider all relevant facts, including, but not limited to, whether (1) the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the claimant's infancy and the delay in service of a notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see Matter of R.N. v Village of New Sq., 164 AD3d 508, 509; Matter of Brown v County of Westchester, 293 AD2d 748, 748). "The presence or absence of any one factor is not determinative, but whether the public corporation had actual knowledge of the essential facts is of great importance" (Matter of R.N. v Village of New Sq., 164 AD3d at 509; see Matter of Tejada v City of New York, 161 AD3d 876, 877). "What satisfies the statute is not knowledge of the wrong, but notice of the claim. The municipality must have notice or knowledge of the specific claim and not general knowledge that a wrong has been committed" (Matter of Sica v Board of Educ. of City of N.Y., 226 AD2d 542, 543).
Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to serve a late notice of claim (see General Municipal Law § 50-e[5]). Although the plaintiff failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim containing the allegation regarding the missing stop sign, the absence of a reasonable excuse is not determinative, as the City defendants acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose and were not substantially prejudiced by the late notice (see Matter of Rodriquez v Woodhull Sch., 105 AD3d 1050, 1051; Matter of Vasquez v City of Newburgh, 35 AD3d 621, 623-624).
Specifically, the original timely notice of claim, to which was annexed a copy of the police accident report, gave the City defendants actual knowledge of the essential facts constituting the plaintiff's claim based upon the alleged missing stop sign within 90 days of accrual. Although the filing of a police accident report does not "itself constitute actual notice to the [municipality] of the essential facts constituting the [plaintiff's] claim" (Matter of Dominguez v City of New York, 272 AD2d 326, 327), the City Comptroller in this case received a copy of the police accident report when it was served with the original timely notice of claim. Thus, the City defendants received actual notice both of the details of the subject accident, and of the plaintiff's intent to commence an action to recover damages for personal injuries. Moreover, given that the police accident report expressly stated that the accident site was "missing a stop sign," thus "causing" the collision, the City defendants were apprised of the specific allegation that is contained in the proposed late notice of claim (see Matter of Brown v County of Westchester, 293 AD2d at 749; see also Matter of Tejada v City of New York, 161 AD3d at 877-878; Matter of Fox v New York City Dept. of Educ., 124 AD3d at 889; Matter of Billman v Town of Deerpark, 73 AD3d 1039, 1040).
Regarding prejudice, inasmuch as the City defendants acquired actual knowledge of the essential facts constituting the claim, the plaintiff made an initial showing that they will not be substantially prejudiced by the late notice of claim (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; Matter of Jaffier v City of New York, 148 AD3d at 1021). In response to this initial showing, the City defendants failed to come forward with particularized evidence [*3]showing that the late notice substantially prejudiced their ability to defend the claim on the merits (see Matter of Tejada v City of New York, 161 AD3d at 878; Matter of Kerner v County of Nassau, 150 AD3d 1234, 1237-1238).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court